## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| 425 Third Street, S.W., Suite 800 ) | |
| Washington, DC 20024, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, DC 20530-0001, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds

therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.      According to an April 9, 2018 report by Bloomberg News, Special Counsel Robert Mueller brought information about Michael Cohen, President Donald Trump's personal attorney, to Deputy Attorney General Rod Rosenstein.  After receiving the information, Rosenstein decided that any inquiry of Cohen should be handled by federal prosecutors in New York.

6.      On April 12, 2018, Plaintiff submitted two FOIA requests, one to the Office of the Attorney General and the other to the Executive Offices for United States Attorneys, both components of Defendant.

7.      The first FOIA request, which was submitted to the Office of the Attorney General, seeks "Any and all records of correspondence and communications between the Office of Deputy Attorney General Rod Rosenstein and the Office of Special Counsel Robert Mueller concerning, regarding, or relating to the April 9, 2018 raids on the office and hotel room of Michael Cohen."

8.      By letter dated May 14, 2018, Defendant acknowledged receiving Plaintiff's FOIA request to the Office of the Attorney General on April 16, 2018 and assigned it FOIA Request Number DOJ-2018-004187 (DAG).

9.     The second FOIA request, which Plaintiff submitted to the Executive Offices for

United States Attorneys, was sent by certified mail.  The request seeks:

    A.    The Search and Seizure Warrant executed by the Federal
            Bureau of Investigation at the office and hotel room of
            Michael Cohen on April 9, 2018;

    B.    The application for the above-referenced warrant and any
            affidavits submitted in support of the application; and

    C.    Any and all records concerning, regarding, or relating to
            the recusal of U.S. Attorney Geoffrey Berman from the
            Michael Cohen investigation.

10.     According to United States Postal Service records, Defendant received Plaintiff's

FOIA request to the Executive Offices for United States Attorneys on April 16, 2018.

11.     On May 2, 2018, Plaintiff submitted a third FOIA request to Defendant seeking:

    A.    All records of communications between Rosenstein and the
            U.S. Attorney's Office for the Southern District of New
            York about Michael Cohen and/or the executed search
            warrants of Cohen's office, home, and hotel room.

    B.    All records of communications between Mueller and the
            U.S. Attorney's Office for the Southern District of New
            York about Michael Cohen and/or the executed search
            warrants of Cohen's office, home, and hotel room.

12.     Plaintiff submitted its third FOIA request using the FOIA.gov portal.  Upon

submission, Plaintiff received confirmation that the request was received and that the request was

assigned confirmation ID number 7021.

13.     As of the date of this Complaint, Defendant has failed to: (i) produce the

requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records the FBI intends to produce

or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any

adequately specific, adverse determinations.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

14      Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and

Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with

FOIA.

16.      To trigger FOIA's administrative exhaustion requirement, Defendant was

required to determine whether to comply with Plaintiff's FOIA requests within the time limits set

by FOIA.  Accordingly, Defendant's determination with respect to Plaintiff's first FOIA request

to the Office of the Attorney General was due by May 29, 2018; Defendant's determination with

respect to Plaintiff's second FOIA request to the Executive Offices for U.S. Attorneys was due

by May 14, 2018; and Defendant's determination with respect to Plaintiff's third FOIA request

was due by June 14, 2018.  At a minimum, Defendant was obligated to: (i) gather and review the

requested records; (ii) determine and communicate to Plaintiff the scope of any responsive

records Defendant intended to produce or withhold and the reasons for any withholdings; and

(iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.  *See*,

*e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711

F.3d 180, 188-89 (D.C. Cir. 2013).

17.      Because Defendant failed to determine whether to comply with Plaintiff's FOIA

requests, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. §

552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 21, 2018

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*